UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PAMELA KATCH,

        Plaintiff,

                                  Case Number 07-14821-BC

v.                                  Honorable Thomas L. Ludington

FIFTH THIRD BANCORP,

        Defendant.

_____/

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR
RECONSIDERATION, AMENDING THE COURT'S ORDER DATED JANUARY 21,
2009, AND AMENDING THE JUDGMENT ENTERED JANUARY 21, 2009**

On November 8, 2007, Plaintiff Pamela Katch ("Plaintiff") filed a complaint against her former employer, Defendant Fifth Third Bancorp ("Defendant" or "Fifth Third"). Plaintiff's complaint alleged three counts, including (1) failure to accommodate under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, et seq., (2) retaliation under the ADA, and (3) failure to accommodate under the Michigan Persons with Disabilities Civil Rights Act (PWDCRA), Mich. Comp. Laws §§ 37.1101, et seq. On November 3, 2008, pursuant to the parties' stipulation, the Court dismissed with prejudice Plaintiff's retaliation count, and on November 4, 2008, Plaintiff filed an amended complaint with that count omitted.

On January 21, 2009, the Court granted Defendant's motion for summary judgment and entered an order and judgment dismissing Plaintiff's amended complaint with prejudice. Now before the Court is Plaintiff's motion for reconsideration [Dkt. # 31], filed January 29, 2009. Plaintiff's motion requests that the Court modify its order and judgment to dismiss her state law claims without prejudice, to dismiss the federal claims that the Court did not reach because they

were time-barred or because Plaintiff failed to exhaust administrative remedies without prejudice, and to avoid determination of the disability issue with regard to Plaintiff's May 25, 2007, claim under the ADA.

On February 12, 2009, Defendant filed a response to Plaintiff's motion for reconsideration [Dkt. # 36], and on February 19, 2009, Plaintiff filed a reply [Dkt. # 38]. First, Defendant concurred in Plaintiff's argument that Plaintiff's state law claims should have been dismissed without prejudice, rather than with prejudice, because the Court declined to exercise jurisdiction over them. Indeed, the Court mistakenly dismissed these claims with prejudice when it declined to exercise jurisdiction. Thus, the Court will amend the order and judgment to clarify that Plaintiff's state law claims are dismissed without prejudice.

Second, Plaintiff argues that the Court should have dismissed her federal claims that were time-barred and those claims with respect to which Plaintiff had not exhausted her administrative remedies without prejudice rather than with prejudice. Plaintiff specifically refers to her claims of ADA violations in June 2006 and on May 25, 2007. Plaintiff's basic argument is that filing a timely charge with the EEOC is a jurisdictional requirement to filing suit, and therefore, the Court's conclusion that Plaintiff's claims were not properly before the Court because they were time barred or because Plaintiff had not exhausted administrative remedies operated as a determination that the Court did not have jurisdiction. Then, Plaintiff relies on Rule 41(b) of the Federal Rules of Civil Procedures for the proposition that a dismissal for "lack of jurisdiction" must be without prejudice.

With respect to the claim arising in June 2006, the Court determined that Plaintiff had not timely filed a charge with the EEOC. Plaintiff alleged that on June 2, 2006, she was "forced" to take a leave of absence. Plaintiff did not file an EEOC charge describing the circumstances surrounding

-2-

the "forced" leave of absence until May 21, 2007, beyond the 300-day limitations period. *See Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 309 (6th Cir. 2000) (citing 42 U.S.C. § 12117(a), 42 U.S.C. § 2000e-5(e)(1), and *Jones v. Sumser Ret. Vill.*, 209 F.3d 851, 853 (6th Cir. 2000)).  In concluding that Plaintiff's claim was time-barred, the Court noted that "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in Federal Court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling," citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982).  The Court noted that Plaintiff had not asserted any grounds for equitable tolling, and thus, her claims based on the June 2006 "forced" leave were time-barred.  Ultimately, the Court dismissed any claims arising on or before June 2, 2006, with prejudice.

With respect to the claim arising on May 25, 2007, the Court determined that Plaintiff had failed to exhaust her administrative remedies with respect to her claim of disability discrimination because she only checked the box for "retaliation" on the relevant EEOC charge.  In concluding the analysis, the Court stated that it was granting Defendant's motion for summary judgment as to that claim "based on the Court's lack of jurisdiction due to Plaintiff's failure to exhaust her administrative remedies."  The Court further stated that even if the Court had jurisdiction over Plaintiff's claim, Plaintiff was not "disabled" under the ADA.

Plaintiff cites to *Costello v. United States*, 365 U.S. 265, 284-88 (1961), for the general proposition that a dismissal based on a plaintiff's failure to comply with a precondition requisite to a court's going forward to determine the merits of a substantive claim is a dismissal for "lack of jurisdiction," and thus, must be without prejudice.  However, in *Costello*, the Court did not address conditions precedent to filing a suit in federal court under the ADA or other federal discrimination

statute; rather, it addressed the failure of the government to file an affidavit of good cause in a denaturalization proceeding. *Id.* at 287. Moreover, the posture of the case was such that the court was called upon to determine the effect of a dismissal under Rule 41(b) of the Federal Rules of Civil Procedure. The rule provides, in relevant part:

> Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for improper venue, operations as an adjudication upon the merits.

Fed. R. Civ. P. 41(b). Contrary to Plaintiff's assertion, the rule does not require that a dismissal for lack of jurisdiction must be without prejudice. Instead, it merely provides that such a dismissal is without prejudice if the court does not otherwise specify.

In *Costello*, the Court noted that a policy motivating the operation of Rule 41(b) is that a further action by a plaintiff should be barred when "the defendant has been put to the trouble of preparing his defense because there was no initial bar to the Court's reaching the merits." 365 U.S. at 286-87. The Court noted that in the case before it, "the failure of the Government to file the affidavit of good cause in a denaturalization proceeding does not present a situation calling for the application of the policy making dismissals operative as adjudications on the merits. The defendant is not put to the necessity of preparing a defense because the failure of the Government to file the affidavit with the complaint require the dismissal of the proceeding." *Id.* at 287. Finally, the Court noted that the term " 'jurisdiction' can hardly be said to have a fixed content." *Id. See also id.* at 285 (noting that "[i]t is too narrow a reading of [Rule 41(b)] to relate the concept of jurisdiction embodied there to the fundamental jurisdictional defects which render a judgment void and subject to collateral attack, such as lack of jurisdiction over the person or subject matter").

In *Zipes*, which the Court cited in its prior order, the Supreme Court explicitly noted, in the

-4-

context of Title VII and the necessary filing of a timely EEOC charge, that "[a]lthough our cases contain scattered references to the timely-filing requirement as jurisdictional, the legal character of the requirement was not at issue in those cases, and as or more often in the same or other cases, we have referred to the provision as a limitations statute." 455 U.S. at 395 (also noting a Fifth Circuit case in which the court noted that "references to the filing requirement as a statute of limitations have come to dominate in our opinions"). Ultimately, the Court reasoned that "[b]y holding compliance with the filing period to be not a jurisdictional prerequisite to filing a Title VII suit, but a requirement subject to waiver as well as tolling when equity so requires, we honor the remedial purpose of the legislation as a whole without negating the particular purpose of the filing requirement, to give prompt notice to the employer." *Id.* at 398.

Thus, while *Costello* may have stood for the broad proposition suggested by Plaintiff, *Zipes* at least narrows its application in the context of Title VII, and the same reasoning by the Court in *Zipes* supports an analogous conclusion with respect to the ADA. *See, e.g.*, *Hoover v. Timken Co.*, 30 F.App'x 511, 513, 2002 WL 314951 (6th Cir. 2002) (finding that the "exhaustion of administrative remedies is a condition precedent to an ADA action, citing *Zipes* with a reference to Title VII, and citing *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 309 for the proposition that "ADA exhaustion requirement is not jurisdictional"); *Allen v. Highlands Hosp. Corp.*, 545 F.3d 387, 400-03 (6th Cir. 2008) (analyzing the issue and reaching the same result under the ADEA).

Based on the above, Plaintiff's claims arising in or before June 2006 and on May 25, 2007, are properly dismissed with prejudice. While the Court used the words "lack of jurisdiction" with respect to the May 25, 2007, claim, under *Zipes*, the failure to file a timely charge with the EEOC is not a "fundamental jurisdictional defect" limiting the Court's subject matter jurisdiction.

Moreover, consistent with the policy highlighted in *Costello*, there is no reason to leave open the option for Plaintiff to re-file the claim.  Here, unlike in *Costello*, the case progressed to the merits and could not simply be dismissed upon the filing of the complaint.  Additionally, Plaintiff has not suggested that she has since filed a timely charge with the EEOC, or any other basis for equitable tolling.  Thus, the Court will deny Plaintiff's motion for reconsideration to the extent that she seeks dismissal without prejudice of her claims arising on or about June 2006 and May 25, 2007.

Third, Plaintiff argues that the Court should not have reached the disability issue with regard to Plaintiff's May 25, 2007, claim under the ADA, because the Court determined that Plaintiff had not exhausted her administrative remedies.  Significantly, omitting an alternate grounds for dismissal from the opinion of the Court will not "result in a different disposition of the case."  *See* E.D. Mich. LR 7.1(g)(3); *see also Allen*, 545 F.3d at 403 (stating that "[b]ecause administrative exhaustion does not raise a jurisdiction question under the ADEA . . . we may decline to decide the issue if reaching the merits of [the] disparate impact claim provides a clearer basis for the disposition of the case").  Thus, the Court will deny Plaintiff's motion for reconsideration to the extent that she seeks to have the Court omit the portion of the opinion addressing the disability issue as to her claim arising on or about May 25, 2007.

Accordingly, it is **ORDERED** that Plaintiff's motion for reconsideration [Dkt. # 31] is **GRANTED IN PART** and **DENIED IN PART**.

It is further **ORDERED** that the Court's order [Dkt. # 29], dated January 21, 2009, is **AMENDED**.  The final paragraph, which provides, "It is further ORDERED that Plaintiff's amended complaint is DISMISSED WITH PREJUDICE" is deleted and replaced with the following: "It is further ORDERED that Plaintiff's federal claims are DISMISSED WITH PREJUDICE, and

-6-

that Plaintiff's state-law claims are DISMISSED WITHOUT PREJUDICE."

It is further **ORDERED** that the judgment [Dkt. # 30] entered by the Court on January 21, 2009, is **AMENDED**.  The final paragraph, which provides, "It is further ORDERED AND ADJUDGED that Plaintiff's amended complaint is DISMISSED WITH PREJUDICE" is deleted and replaced with the following: "It is further ORDERED AND ADJUDGED that Plaintiff's federal claims are DISMISSED WITH PREJUDICE, and that Plaintiff's state-law claims are DISMISSED WITHOUT PREJUDICE."  The Court will enter an amended judgment in accordance with this order.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: April 28, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 28, 2009.

s/Tracy A. Jacobs
TRACY A. JACOBS

---